Thomas Dale RAUDEBAUGH, Petitioner–Appellant,

v.

Pam SONNEN, Respondent–Appellee.

No. 05–35099.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2007 *.

Filed April 18, 2007.

Ellison Matthews, Boise, ID, for Peti-tioner–Appellant.

Ralph Blount, Esq., Office of Attorney General, Civil Litigation Division, L. La-mont Anderson, Esq., Office of the Idaho Attorney General, Boise, ID, for Respon-dent–Appellee.

Before: KOZINSKI, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM **

The Idaho district court did not mislead Raudebaugh's counsel into believing that he could submit expert affidavits only after he filed an amended petition. The court's ruling referred only to release of two pieces of trial evidence, a knife and a pipe, which did not relate to Raudebaugh's claim

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.

that his trial counsel was ineffective for failing to retain a blood spatter expert. In any event, the court did not suggest that expert affidavits of any sort would be permitted at a later date. Raudebaugh has presented no evidence that his state post-conviction counsel ever attempted to contact a blood spatter expert or to obtain funds to do so. *See* Idaho Code § 19–4904. He thus failed to exercise the requisite diligence to avoid § 2254(e)(2)'s bar. *See Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir.2005) ("The failure to investigate or develop a claim given knowledge of the information upon which the claim is based, is not the exercise of diligence.").

**AFFIRMED.**